```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
NEW YORK PAVING, INC.,                           :
                                                 :
                        Plaintiff,               :
                                                 :
            v.                                   :   DECISION & ORDER
                                                 :   18-CV-2968 (WFK) (PK)
CONSTRUCTION COUNCIL                             :
LOCAL 175, UTILITY WORKERS                       :
OF AMERICA, AFL-CIO, et al.,                     :
                                                 :
                        Defendants.              :
------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff's motion to dismiss, ECF No. 81, is GRANTED and DENIED in part. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. NIKE, Inc.*, 568 U.S. 85, 91 (2013). Here, Plaintiff's claims for declaratory and injunctive relief are moot because Consolidated Edison Company of New York, Inc. ("ConEd") has reversed its policy to allow Defendants' workers to perform services on its projects. ConEd's decision also frees Plaintiff from potentially having to make double benefit contributions to Defendants' funds and the funds of another union, thus mooting Plaintiff's claims for declaratory and injunctive relief.

Although the "voluntary cessation" of ConEd's underlying conduct will not "ordinary render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed," Defendants have failed to carry its "heavy burden" to establish this defense to mootness. *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 119 (2d Cir. 2016). Based on the record before the Court, there is no basis to believe ConEd will resume its prohibition hiring Defendants' workers to perform services on

ConEd's projects.

But because Plaintiff also seeks money damages, its remaining claim survives. *See Srabyan v. New York*, No. 20-CV-3137, 2022 U.S. Dist. LEXIS 52173, at *4-5 (E.D.N.Y. Mar. 23, 2022) (Gaurufis, J.) (citing cases).

The Court also DENIES Defendants' motion for summary judgment without prejudice to refile, ECF No. 62, because triable issues of fact remain as to the applicability of the parties' collective bargaining agreement.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2022
      Brooklyn, New York