UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK PAVING, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CONSTRUCTION COUNCIL LOCAL 175, UTILITY WORKERS OF AMERICA, AFL-CIO, LOCAL UNION 175 WELFARE FUND, LOCAL UNION 175 PENSION FUND, LOCAL UNION 175 ANNUITY FUND, and LOCAL UNION 175 APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUND, <br><br> Defendants. | 18-CV-02968 (WFK)(PK) <br><br> ECF <br><br> **DECLARATION OF JENNIFER SMITH, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

Jennifer S. Smith, an attorney admitted to practice before the Eastern District of New York and Courts of the State of New York, affirms the following to be true and correct under penalty of perjury:

1. I am a member of the Law Offices of Jennifer Smith PLLC, attorney for the Defendant United Plant and Production Workers Local 175 Welfare Fund, Pension Fund, Annuity Fund and Apprenticeship, Skill Improvement and Training Funds (the "Defendant Funds") in the above-captioned action. I submit this affirmation in opposition to Plaintiff's motion for voluntary dismissal and in support of Defendants' cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56.

2. The above-captioned action was initiated on or about May 18, 2018. A true and correct copy of the Complaint in this action is attached hereto as **Exhibit 1**.

3. A true and correct copy of the Defendant Funds' Answer to the Complaint in this action, filed June 8, 2018, is attached hereto as **Exhibit 2**.

4. A true and correct copy of the Answer by Defendant Construction Council 175, Utility Workers of America, AFL-CIO ("Defendant Union") to the Complaint in this action, filed June 11, 2018, is attached hereto as **Exhibit 3**.

5. A true and correct copy of the National Labor Relations Board ("NLRB") certification of Defendant Union as the collective bargaining representative of Plaintiff New York Paving's ("NYP") asphalt paving employees, produced by Plaintiff New York Paving at NYP 00001, is attached hereto as **Exhibit 4**.

6. A true and correct copy of the August 24, 2011 Assumption Agreement between New York Paving and the New York Independent Contractors' Alliance, Inc. ("NYICA"), produced by Defendant Funds at FUNDS 00010-11, is attached hereto as **Exhibit 5**.

7. A true and correct copy of NYICA's Customer Contact List dated November 22, 2006, produced by Defendant Funds at FUNDS 00046-51, is attached hereto as **Exhibit 6**.

8. A true and correct copy of Defendant Union's 2017 list of NYICA/Local 175 Signatory Contractors, produced by Defendant Funds at FUNDS 00063-66, is attached hereto as **Exhibit 7**.

9. A true and correct copy of NYICA's ByLaws, produced by Defendant Funds at FUNDS 00446-465, is attached hereto as **Exhibit 8**.

10. A true and correct copy of the 2014-17 Collective Bargaining Agreement ("CBA") between Defendant Union and NYICA, produced by Defendant Funds at FUNDS 00203-227, is attached hereto as **Exhibit 9**.

11. A true and correct copy of the 2017-22 Collective Bargaining Agreement ("CBA") between Defendant Union and NYICA, produced by Defendant Funds at FUNDS 00655-687, is attached hereto as **Exhibit 10**.

12. A true and correct copy of relevant excerpts from the December 17, 2018 deposition of Michael Perrino is attached hereto as **Exhibit 11**.

13. A true and correct copy of a document titled "Summary of Issues," produced by ConEd at CECONY 001529-31, is attached hereto as **Exhibit 12**.

14. A true and correct copy of an NLRB Decision dated November 2, 2018 concerning Nico Asphalt Paving, Inc. is attached hereto as **Exhibit 13**.

15. A true and correct copy of an NLRB Decision dated December 17, 2018 concerning Tri-Messine Construction Company, Inc. is attached hereto as **Exhibit 14**.

16. A true and correct sample of New York Paving's 2017 remittance reports to Local 175, produced by Defendant Funds at FUNDS 00272-289, is attached hereto as **Exhibit 15**.

17. A true and correct copy of Defendant Union's letter to NYICA, dated March 14, 2014, including its list of NYICA/Local 175 Signatory Contractors, produced by Defendant Funds at FUNDS 00052-55, is attached hereto as **Exhibit 16**.

18. A true and correct copy of Defendant Union's letter to NYICA, dated March 8, 2017, including its list of NYICA/Local 175 Signatory Contractors, produced by Defendant Funds at FUNDS 00062-66, is attached hereto as **Exhibit 17**.

19. A true and correct copy of NYICA's response to Defendant Union, dated March 19, 2014, identifying two contractors who had withdrawn from NYICA, produced by Defendant Funds at FUNDS 00056-58, is attached hereto as **Exhibit 18**.

20. A true and correct copy of NYICA's response to Defendant Union, dated March 13, 2017, is attached hereto as **Exhibit 19**.

21. A true and correct copy of the May 11, 2017 Memorandum of Agreement between NYICA and Defendant Union, extending the 2011-2014 CBA with specified modifications for a

five-year term covering 2017-2022, produced by Defendant Funds at FUNDS 00013-39, is attached hereto as **Exhibit 20**.

22. A true and correct sample of New York Paving's 2018 remittance reports to Local 175, produced by Defendant Funds at FUNDS 00247-00269, 00192-00201, is attached hereto as **Exhibit 21**.

23. A true and correct copy of the public court docket in this case as of October 11, 2022 is attached hereto as **Exhibit 22**.

24. A true and correct copy of a letter from Defendant Funds' counsel Jennifer Smith, Esq. to Plaintiff's counsel Jon Farrell, Esq., dated August 16, 2018, is attached hereto as **Exhibit 23**.

25. A true and correct copy of Plaintiff's Response to Defendant Funds' First Interrogatories is attached hereto as **Exhibit 24**.

26. A true and correct copy of Plaintiff's Response to Defendant Funds' First Document Demand is attached hereto as **Exhibit 25**.

27. A true and correct copy of Defendants' letter motion to compel discovery, dated August 20, 2018, is attached hereto as **Exhibit 26**.

28. A true and correct copy of a letter from Defendant Funds' counsel Jennifer Smith, Esq. to Plaintiff's counsel Richard Howard, Esq., dated October 26, 2018, is attached hereto as **Exhibit 27**.

29. A true and correct copy of a letter from Defendant Funds' counsel Jennifer Smith, Esq. to Plaintiff's counsel Jon Farrell, Esq., dated August 30, 2018, is attached hereto as **Exhibit 28**.

30. A true and correct copy of a Default Statement dated November 8, 2022, without

exhibits, concerning Defendants' scheduled deposition of Plaintiff New York Paving, is attached hereto as **Exhibit 29**.

31. A true and correct copy of Defendants' letter motion dated November 2, 2018, for discovery relief, including a request for an order of preclusion, is attached hereto as **Exhibit 30**.

32. A true and correct copy of Defendants' opposition dated November 16, 2018 to Plaintiff's request for voluntary dismissal, is attached hereto as **Exhibit 31**.

33. A true and correct copy of an Order issued on May 6, 2022 is attached hereto as **Exhibit 32**.

34. Defendants provided Plaintiff with Defendants' draft Exhibit List for the Joint Pretrial Order on July 5, 2022.

35. Defendants provided Plaintiff with their proposed Stipulated Facts for the Joint Pretrial Order on July 7, 2022.

36. Defendants provided Plaintiff with their Witness List for the Joint Pretrial Order on July 8, 2022.

37. A true and correct copy of a letter from Plaintiff's general counsel Robert Coletti, Esq. to NYICA dated February 16, 2018, is attached hereto as **Exhibit 33**.

38. Plaintiff timely withdrew from NYICA by letter in February 2022.

39. Plaintiff's recent withdrawal prevents NYICA from negotiating *future* CBAs with Local 175 on NYP's behalf. But NYP's withdrawal from NYICA in 2022 has no effect on the validity of the 2017-2022 CBA at issue in this litigation, which was negotiated in 2017 while NYP was still a NYICA member.

40. Because Plaintiff is no longer a NYICA member, Plaintiff and Local 175 are currently engaged in direct negotiations for a successor CBA to the 2017-2022 CBA.

41. Plaintiff has not exhausted its appellate remedies concerning the 2019 arbitration award in AAA 01-18-002-8808, which is attached to the Franco 2022 Affidavit as Exhibits G and H. Its motion to vacate the award remains pending.

**WHEREFORE**, it is respectfully requested that the Court deny Plaintiff's motion for voluntary dismissal and grant Defendant Funds' motion for summary judgment.

Dated: New York, New York
October 12, 2022

_____/s Jennifer S. Smith_____
Jennifer S. Smith