# EXHIBIT C

ERIC B. CHAIKIN
Chaikin & Chaikin
375 Park Avenue, Suite 2607
New York, New York 10152
(212) 688-0888
chaikinlaw@aol.com
*Attorney for Defendant, Construction Council 175, UWUA, AFL-CIO*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK PAVING, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CONSTRUCTION COUNCIL LOCAL 175, UTILITY WORKERS OF AMERICA, AFL-CIO, LOCAL UNION 175 WELFARE FUND, LOCAL UNION 175 PENSION FUND, LOCAL UNION 175 ANNUITY FUND, and LOCAL UNION 175 APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUND, <br><br> Defendants. | 18-CV-02968 (WFK)(PK) <br><br> ECF <br><br> **ANSWER OF CONSTRUCTION COUNCIL 175** |

Construction Council 175, Utility Workers Union of America, AFL-CIO, by their attorney, Chaikin & Chaikin, as and for its answer to the Complaint ("Complaint") hereby pleads as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Admits the allegations contained in paragraph 2 of the Complaint.

3.      Denies the allegations contained in paragraph 3 of the Complaint as to the defendants as named in the Complaint, but admits the allegations as to the United Plant and Production Workers Local 175 Welfare Fund, United Plant and Production Workers Local 175 Pension Fund, United Plant and Production Workers Local 175 Annuity Fund, and United Plant and Production Workers Local 175 Apprenticeship, Skill Improvement and Training Fund (collectively, the "Local 175 Funds"), and admits their principal office for the transaction of business is 99 Mineola Avenue, Roslyn Heights, NY 11577-1269.

4.      Admits the allegations contained in paragraph 4 of the Complaint in that since at least 2007 Local 175 and NYP have been parties and bound to a series of collective bargaining agreements.

5.      Admits that Local 175 and New York Paving, Inc. ("NYP") were parties and bound to a collective bargaining agreement ("Local 175 CBA") effective July 1, 2014,  but asserts that paragraph 5 of the Complaint otherwise calls for a legal conclusion to which no response is required, respectfully refers the Court to the Local 175 CBA for its content, meaning and import, and otherwise denies the allegations contained in paragraph 5 of the Complaint.

6.      Admits that the NLRB certified Local 175 as the collective bargaining representative for NYP's employees for asphalt paving, but not concrete paving, and respectfully refers the Court to the NLRB certification itself for the exact list

- 2 -

of covered work and to the Local 175 CBA for its content, meaning and import, and otherwise denies the allegations contained in paragraph 6 of the Complaint.

7.    Admits the allegation in paragraph 7 of the Complaint that the Local 175 CBA requires NYP to make contributions to the Local 175 Funds for all hours of all workers performing work covered by the collective agreement, respectfully asserts that paragraph 7 of the Complaint otherwise calls for a legal conclusion to which no response is required, and respectfully refers the Court to the Local 175 CBA for its content, meaning and import.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Admits the allegation in paragraph 12 of the Complaint that Local 175 is not a member of the Building Trades Council of Greater New York, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, but admits NYP would prefer using Local 175 workers.

15.     Admits that the Local 175 Funds will seek to enforce the terms of the Local 175 CBA requiring contributions from NYP to the Local 175 Funds, denies that the Local 175 Funds seek to preclude NYP from taking advantage of contractual and economic opportunities with Consolidated Edison of New York, Inc. ("ConEd"), and respectfully submits that the remaining allegations in paragraph 15 of the Complaint consist of a hypothetical to which no response is required.

16.     Respectfully asserts that paragraph 16 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ConEd's actions and NYP's knowledge of those actions, admits that the core events alleged in the Complaint occurred after mid-2014, and otherwise denies the allegations in paragraph 17.

18.     Respectfully asserts that paragraph 18 of the Complaint calls for legal conclusions to which no response is required, and respectfully refers the Court to the proceedings cited for their content, meaning and import.

19.     Respectfully asserts that paragraph 19 of the Complaint calls for legal conclusions to which no response is required, and respectfully refers the Court to any decisions "of the various state and federal courts" for their content, meaning and import.

20.     Respectfully asserts that paragraph 20 of the Complaint calls for a legal conclusion to which no response is required, and respectfully refers the Court to the statute cited its content, meaning and import.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning NYP's business model or capabilities, respectfully asserts that paragraph 22 of the Complaint otherwise calls for a legal conclusion to which no response is required, and respectfully refers the Court to the relevant contracts for their content, meaning and import.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Local 175 Funds attempted to enforce the provisions of the Local 175 CBA that require NYP to make benefit contributions to the Local

175 Funds, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning NYP's contributions to Local 1010's employee benefit funds, and respectfully asserts that paragraph 23 of the Complaint otherwise calls for a legal conclusion to which no response is required.

24.     Respectfully asserts that paragraph 24 of the Complaint calls for a legal conclusion to which no response is required as to the characterization of the Local 175 Funds' enforcement of the Local 175 CBA and the eligibility of specific workers for benefits from the Local 175 Funds, and refers the Court to the relevant CBA and plan documents for their content, meaning and import.

25.     Denies the allegations in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint concerning NYP's business model, respectfully asserts that it otherwise calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

27.     Denies the allegations in paragraph 27 of the Complaint.

28.     Respectfully asserts that paragraph 28 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint concerning ConEd's actions or policies, and respectfully asserts that paragraph 29 of the Complaint otherwise calls for a legal conclusion to which no response is required.

30.     Admits the allegation in paragraph 30 of the Complaint that Local 175 has asserted that the Local 175 CBA renewed for a five-year term, and respectfully refers the Court to the relevant CBA for its content, meaning and import.

31.     Respectfully asserts that paragraph 31 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

32.     Respectfully asserts that paragraph 32 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Respectfully asserts that paragraph 34 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

35.     Respectfully asserts that paragraph 35 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

36.     Respectfully asserts that paragraph 36 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant statute for its content, meaning and import.

37.     Respectfully asserts that paragraph 37 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

38.     Respectfully asserts that paragraph 38 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant statute for its content, meaning and import.

39.     Respectfully asserts that paragraph 39 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant statute for its content, meaning and import.

40.     Repeats, reiterates and realleges each and every response to the component paragraphs set forth in paragraph 40 of the Complaint as if fully set forth and repeated herein.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43.    Admits that the Local 175 Funds will seek to enforce the terms of the Local 175 CBA requiring contributions from NYP to the Local 175 Funds, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning NYP's present or future work with ConEd, and otherwise denies the allegations contained in paragraph 43 of the Complaint

44.    Respectfully asserts that paragraph 44 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant ConEd contract and Local 175 CBA for their content, meaning and import.

45.    Admits that the Local 175 Funds will seek to enforce the terms of the Local 175 CBA requiring contributions from NYP to the Local 175 Funds, respectfully submits that the allegations concerning future legal actions are a hypothetical to which no response is required, and asserts that the remaining allegations in paragraph 45 call for a legal conclusion to which no response is required.

46.    Repeats, reiterates and realleges each and every response to the component paragraphs set forth in paragraph 46 of the Complaint as if fully set forth and repeated herein.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint concerning NYP's ability to perform work for ConEd, respectfully asserts that paragraph 48 of the Complaint otherwise calls for a legal conclusion to which no response is required, and refers the Court to the relevant agreements and contractual obligations for their content, meaning and import.

49.     Respectfully asserts that paragraph 49 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

50.     Repeats, reiterates and realleges each and every response to the component paragraphs set forth in paragraph 50 of the Complaint as if fully set forth and repeated herein.

51.     Respectfully asserts that paragraph 51 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBAs for their content, meaning and import.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint concerning the terms of NYP's CBA with Local 1010, respectfully asserts that paragraph 52 of the Complaint calls for a legal conclusion to which no response is required as to the eligibility of specific workers for benefits from the Local 175 Funds, refers the

Court to the relevant CBA and plan documents for their content, meaning and import, and otherwise denies the allegations.

53.     Respectfully asserts that paragraph 53 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBAs for their content, meaning and import.

54.     Respectfully asserts that paragraph 54 of the Complaint calls for a legal conclusion to which no response is required.

55.     Repeats, reiterates and realleges each and every response to the component paragraphs set forth in paragraph 55 of the Complaint as if fully set forth and repeated herein.

56.     Admits that Local 175 has asserted that the Local 175 CBA renewed for a five-year term, respectfully asserts that paragraph 56 otherwise calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

57.     Respectfully asserts that paragraph 57 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Respectfully asserts that paragraph 59 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

60.     Respectfully asserts that paragraph 60 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA for its content, meaning and import.

61.     Respectfully asserts that paragraph 61 of the Complaint calls for a legal conclusion to which no response is required.

62.     Repeats, reiterates and realleges each and every response to the component paragraphs set forth in paragraph 62 of the Complaint as if fully set forth and repeated herein.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Respectfully asserts that paragraph 69 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

70.     Respectfully asserts that paragraph 70 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

71.     Respectfully asserts that paragraph 71 of the Complaint calls for a legal conclusion to which no response is required, and refers the Court to the relevant CBA and governing law for its content, meaning and import.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint concerning NYP's expectations, respectfully asserts that the allegations otherwise call for a legal conclusion to which no response is required as to whether Local 175 is banned from performing work for ConEd, and refers the Court to the relevant contracts for their content, meaning and import.

73.     Respectfully asserts that paragraph 73 of the Complaint calls for a legal conclusion to which no response is required, and otherwise denies the allegations.

74.     Respectfully asserts that paragraph 74 of the Complaint calls for a legal conclusion to which no response is required.

75.     Repeats, reiterates and realleges each and every response to the component paragraphs set forth in paragraph 75 of the Complaint as if fully set forth and repeated herein.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78.     Respectfully asserts that paragraph 78 of the Complaint calls for a legal conclusion to which no response is required.

79.     All allegations in the Complaint that are not specifically admitted herein are denied.

**AFFIRMATIVE DEFENSES**

80.     Failure to state a claim on which relief can be granted.

81.     Failure to join a necessary party.

82.     Waiver.

Dated:      New York, New York
            June 11, 2018                    Chaikin & Chaikin

                                            By: _Eric B. Chaikin_
                                                Eric B. Chaikin, Esq.
                                                375 Park Avenue, Suite 2607
                                                New York, New York
                                                *Attorney for Defendant*
                                                *Construction Council 175, UWUA*
                                                *212-688-0888*